IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD WAYNE LEWIS,

    Plaintiff,

v.                                                                           Civil Action No. 3:10CV650

UNITED STATES PROBATION OFFICE
EASTERN DISTRICT OF VIRGINIA, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a former federal inmate, brings this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v.*

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff's entire allegation is as follows:

> On case number 3:07cr104 the Probation Office did a bogus presentence report on Ronald Wayne Lewis where they recommended 15 years which they said I was Armed Career Criminal with one related felony conviction which Judge James R. Spencer corrected and explain that I was not Armed Career Criminal and sentence to 46 months. What the Probation Office did was defamation character and slander and violated my civil rights. The Probation Office did not do it work in doing my report or some kind of corruption is going and the matter need to be investigated. Please advise the Probation Office

that 42 U.S.C. 1997(d) prohibit retaliation by the government when inmate files suit.[2]

(Compl. 3-4.)

Plaintiff names the United States Probation Office for the Eastern District of Virginia and Chief Probation Officer Mary Anne Vogel as Defendants. Plaintiff requests that the Court "impose sanction civil judgment of (fifty) 50 million dollars in both capacity." (Compl. 4.)

## Analysis

Absolute immunity extends to judges and officials who perform functions closely associated with the judicial process. *Butz v. Economou*, 438 U.S. 478, 512-14 (1978); *Cooper v. Johnson*, 652 F. Supp. 2d 33, 38 (D.D.C. 2009). "'The presentence report is an integral part of the judicial function of sentencing.'" *Cooper*, 652 F. Supp. 2d at 38 (*quoting Turner v. Barry*, 856 F.2d 1539, 1540 (D.D.C. 1988)). Probation officers act on behalf of the Court when preparing the reports, and are essentially an arm of the sentencing judge. *Id.* Thus, they are absolutely immune from suits for damages arising out of their official duties. *Hili v. Sciarrotta*, 140 F.3d 210, 214 (2d Cir. 1998); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986); *Cooper*, 652 F. Supp. 2d at 38; *Marone v. Greene Cnty. Prob. Dep't*, No. 1:08-CV-658 (LEK/RFT), 2008 WL 4693196, at *3 (N.D.N.Y. Sept. 26, 2008); *Gant v. U.S. Prob. Office*, 994 F. Supp. 729, 733 (S.D. W. Va. 1998). To the extent that Plaintiff seeks damages from the "United States Probation Office Eastern District of Virginia," such attempt also fails. Actions arising under *Bivens* are not subject to theories of vicarious liability. *Iqbal*, 129 S. Ct. at 1948. Accordingly, because Defendants are absolutely immune from suit, Plaintiff fails to state a claim upon which relief can be granted.

Furthermore, "a defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment." *Sterne v. Thompson*, No. 1:05CV477, 2005 WL 2563179, at *4 (E.D. Va. Oct. 7, 2005) (*citing Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Paul v. Davis*, 424 U.S. 693, 705 (1976); *Tigrett v. Rectors & Visitors of Univ. of Va.*, 290 F.3d 620, 628-29 (4th Cir. 2002)). Plaintiff "must, at the very least, allege the loss of a constitutionally protected liberty or property interest." *Id.* (*citing Paul*, 424 U.S. at 711-12). Plaintiff has only obliquely alleged damage to his reputation (Compl. 3-4), which is not a constitutionally protected interest, *Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Accordingly, it is RECOMMENDED that Plaintiff's

---

[2] The Court has corrected the capitalization, spelling, and punctuation of all quotations from Plaintiff's pleadings.

3

Motion for Summary Judgment (Docket No. 7) be DENIED and the action be DISMISSED.

(Mar. 15, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. On March 18, 2011, the Court received Plaintiff's objection.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff's objection reads as follows:

Dear Clerk:

    This is my objection to the Report and Recommendation on March 15, 2011. The United States Probation Offices is not totally immune and claim has been stated clearly that the Probation Officer did a bogus presentence report.

Thank You,

Ronald W. Lewis

(Obj. (Docket No. 11).) The Court concludes that Plaintiff's response to the Report and Recommendation is tantamount to failing to object at all. *United States v. Wearing*, No. 3:04-cr-00092, 2011 WL 918343, at *2 (W.D. Va. Mar. 15, 2011) ("General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." (*citing Orpiano*, 687 F.2d at 47; *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008))). Nevertheless, the Court has fully considered Plaintiff's response and agrees with the Magistrate Judge's Report and Recommendation. Plaintiff's objection will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-5-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

5